2026 IL App (2d) 240691-U
Nos. 2-24-0691, 2-25-0249, 2-25-0331, 2-25-0411 cons.
Order filed March 11, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

TERRI LYNN DUMONT-SNIDER-BATTISTA, Plaintiff-Appellant,
v. ARTHUR MORRIS, Defendant-Appellee.


Appeal from the Circuit Court of Lake County.
Honorable James Newman, and Rhonda K. Bruno, Judges, Presiding.
No. 24-OP-2354


TERRI LYNN DUMONT-SNIDER-BATTISTA, Plaintiff-Appellant,
v. ARTHUR MORRIS, Defendant-Appellee.


Appeal from the Circuit Court of Lake County.
Honorable James Newman, and Rhonda K. Bruno, Judges, Presiding.
No. 25-OP-728


TERRI LYNN BATTISTA, Plaintiff-Appellant,
v. ARTHUR MORRIS, Defendant-Appellee.


Appeal from the Circuit Court of Lake County.
Honorable James Newman, Judge, Presiding.
No. 25-OP-1835


TERRI LYNN BATTISTA, Plaintiff-Appellant,
v. ARTHUR MORRIS, Defendant-Appellee.


Appeal from the Circuit Court of Lake County.
Honorable James Newman, Judge, Presiding.
No. 25-OP-2248

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Petitioner's four separate applications for emergency orders of protection were frivolous; these appeals were not taken in good faith; judgments affirmed, sanctions imposed.

¶ 2   Before this court are four appeals filed by petitioner, n/k/a Terri Lynn Battista. Each of these appeals is essentially the same. Terri has sought multiple emergency *ex parte* orders of protection (EOPs) under article II of the Illinois Domestic Violence Act (750 ILCS 60/art. II (West 2024)) (the Act), against her former husband, Arthur Morris, outside the confines of her post-decree family court case. We have consolidated these appeals for decision only. We now affirm those judgments and issue sanctions.

¶ 3   Terri has a history of filing frivolous appeals in this court, which have either been dismissed for lack of jurisdiction or summarily affirmed. On the court's own motion, we take judicial notice of those prior proceedings as they provide context for this case and for Terri's repeated abuse of state judicial process. See generally *In re N.G.*, 2018 IL 121939, ¶ 32.

¶ 4   For background, the parties have four children, two of whom are still minors. Arthur petitioned for dissolution in 2013, which generated case No. 13-D-1029. Throughout this entire process, Terri largely represented herself. An initial marital settlement agreement resulted in the parties having joint custody of the minors. However, as Terri's mental health began to deteriorate, Arthur petitioned for a modification of the allocation of parental rights and parenting time. Terri sought to appeal from these proceedings, but did so prematurely, and we dismissed her appeal. *In re the Marriage of Morris*, No. 2-23-0247, ¶ 4 (2023) (summary order under Supreme Court Rule 23(c)) (*Morris I*). In addition, in family court, Terri filed serial emergency orders of protection

(EOPs) against Arthur, which requested various things such as that he bring the children for (unauthorized) unsupervised visits, requesting that he be enjoined from challenging her petitions to modify the children's last names from Morris, and for the court to permit her and the children to relocate to California. Once the family court began to deny these inappropriate EOPs, Terri began to file original actions as EOPs in domestic violence court.

¶ 5 Meanwhile, in family court, Judge Michael Nerheim, issued a 13-page memorandum decision finding that Terri's continued custody would seriously endanger the welfare of the two minor children. See 750 ILCS 5/603.10(b) (West 2020). The family court's order granted Arthur sole decision-making authority for the children's welfare but authorized supervised visitation at a facility if it chose to accept Terri. The court also ordered Terri to obtain psychiatric treatment and to sign releases for records related to her treatment as well as the children's treatment. Terri filed a notice of appeal challenging the allocation judgment, but her notice was 19 days too late, so we were compelled to dismiss it for lack of jurisdiction. *In re Marriage of Morris*, No. 2-23-0327 (2023) (summary order) (*Morris II*). In our disposition, we also noted the deluge of extensions, letters, filings, and briefs that Terri had filed in the circuit court as well as in this court. We pointed out that these filings evidenced a serious misunderstanding of the Supreme Court rules. We said:

"We have *** carefully examined Terri's various motions and pleadings ***, which give us cause for concern. Terri seems to misunderstand the nature and scope of the proceedings in the trial court, as well as the rules that govern cases in this court. Terri is entitled to represent herself; that is a fundamental right. But given the sensitive nature of these proceedings, as well as what has been presented to us, we encourage Terri, in the strongest possible terms, to consider whether her continued self-representation is ultimately in her and her children's best interests." *Morris II*, ¶ 7.

This was the first in our series of warnings to Terri, all of which went unheeded.

¶ 6 Meanwhile, Terri's campaign of filing separate actions for domestic violence EOPs, outside of family-court continued. The only difference now was that Terri began to separately appeal those denials. We confronted one such appeal in *Snyder v. Morris*, No. 2-23-0551 (2024) (summary order) (*Morris III*), where we explained that "the denial of an order of protection is reviewable on the same basis as the denial of injunction." *Morris III*, ¶ 6 (citing *Fricke v. Jones*, 2021 IL App (5th) 200044, ¶¶ 18-22, and Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017)). We explained:

"When examining *** an order [like an injunction], we give it a 'quick review' under the abuse-of-discretion standard, nothing more. *Capstone Financial Advisors, Inc. v. Plywaczynski*, 2015 IL App (2d) 150957, ¶¶ 1, 7. Here, however, under any standard of review, we are compelled to affirm. Nothing in Terri's petition came close to articulating specific acts of abuse, harassment, or neglect to warrant the issuance of an order of protection under the statutory authority—let alone an [emergency] *ex parte* order. See 750 ILCS 60/214, 217(a) (West 2022). Furthermore, it is blackletter law that the purpose of such orders is to address genuine emergencies; they are not a means to resolve child custody and visitation issues in favor of one parent outside the ordinary judicial process. See *Radke ex rel. Radke v. Radke*, 349 Ill. App. 3d 264, 268 (2004)." *Morris III*, ¶ 6.

¶ 7 Terri also filed another appeal from the family division case concerning GAL fees; however, we dismissed that appeal as premature because the GAL's duties had not been completed and the GAL had not been discharged. *Morris v. Snyder*, No. 2-23-0443 (2024) (summary order) (*Morris IV*). We again admonished Terri about the dangers of filing frivolous appeals in *Morris III* and *Morris IV*. That brings us to the present appeals.

¶ 8    We summarize the claims and events in the underlying proceedings as a full recitation is both unnecessary and impractical. We begin with case No. 24-OP-2354 (appeal No. 2-24-0691). In September of 2024, Terri filed for an *ex parte* domestic violence EOP alleging that she believed Arthur intended to violate the Health Insurance Portability and Accountability Act of 1996 (HIPAA) by disclosing the contents of her "604(b)" psychological evaluation (750 ILCS 5/604.10(b) (West 2022)) to the children's current therapist. Terri also alleged that Arthur had committed "constant" cybercrimes, such as cyber stalking, cyber tracking, monitoring her cellphone usage, and that he had her physically followed and tracked. Terri further alleged Arthur attempted to hack into her GEICO insurance account, her proof being that she has received multiple alerts on her computer home screen that her GEICO password had been compromised. She also sought possession of a 2004 Honda Odyssey minivan, or an order preventing Arthur from damaging or selling it. Terri provided no specific factual information beyond these assertions, but she did request that she be awarded the sole allocation of parental responsibilities and parenting time, again, with leave to relocate the children out of state. The circuit court, Judge James Newman, determined the petition raised no immediate or present danger to justify an *ex parte* proceeding and declined to issue an emergency order. A plenary hearing was held before Judge Rhonda K. Bruno. Judge Bruno found no evidence presented that qualified as abuse, harassment, neglect, or stalking under the Act. Judge Bruno noted that this court had previously admonished Terri not to file frivolous cases or appeals. Terri timely filed a notice of appeal.

¶ 9    Second, in case No. 25-OP-728 (appeal No. 2-25-0249), Terri filed for yet another EOP under the Act, claiming that Arthur had interfered with her supervised visitation, that he had not allowed her to see the children for ten months, and that Arthur had refused to sign a form that would remove his name from one of her bank accounts. Terri maintained that this was theft and

further accused Arthur of parental "alienation," "libel," "slander," "defamation," "perjury," as well as "abuse" under the Act. After a hearing, Judge Newman again determined that there was no emergency justifying the issuance of an *ex parte* order under the Act. At a subsequent plenary hearing, Judge Bruno also determined that there was no evidence of abuse or harassment that would cause the court to issue an order of protection. Judge Bruno admonished Terri that her claims were duplicative and should be addressed exclusively in the ongoing family-court proceedings. Terri again filed a timely notice of appeal.

¶ 10     Third, in case No. 25-OP-1835 (appeal No. 2-25-0331), Terri again sought an EOP in August of 2025, this time on the basis that Arthur had failed to provide her with a "private, non-federal government issued cellphone" so that she could contact the minor children. Terri accused Arthur of "federal mail fraud" and stated that she was in possession of mail addressed to him from Blue Cross and Blue Shield. Terri's petition also expressed fear that Arthur would move the children without her knowledge and asked for an EOP granting her sole custody. At an EOP hearing before Terri repeatedly interrupted the court and urged Judge Newman to effectively overrule the family court's parental allocation judgment. Judge Newman carefully explained to Terri that these were matters for the family court, and that nothing presented was cognizable under the Act. Judge Newman dismissed the case without setting a plenary hearing. Once again, Terri filed a timely notice of appeal.

¶ 11     Fourth, and finally, in case No. 25-OP-2248 (appeal No. 2-25-0411), Terri sought another EOP the following month, in September of 2025. Again, her petition raised only vague, non-specific allegations and asked the court to "return" the minor children to her full-time care. Judge Newman again explained that nothing Terri presented could be redressed by the Act and summarily dismissed the case. Once again, Terri filed a timely notice of appeal.

¶ 12    Of the four appeals before us, Terri has filed records of varying completeness and appellant's briefs of varying comprehensibility. Arthur has filed responsive briefs in two of the appeals; in the other two, we may proceed without them. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13    Arthur filed a motion to dismiss in one of the appeals, asserting that we lack jurisdiction. We dealt with this same claim in *Morris III*, where we explained that the denial of an order of protection is reviewable under Rule 307(a)(1) on the same basis as the denial of injunction. See, *e.g.*, *Martinez v. Leon*, 2024 IL App (1st) 231058, ¶ 15; *Fricke*, 2021 IL App (5th) 200044, ¶¶ 18-22. In this consolidated case, all of Terri's notices of appeal were filed within 30 days of the orders dismissing her EOP petitions. Accordingly, we have jurisdiction in each of the four cases.

¶ 14    As an aside, we note that in two of her notices of appeal, Terri marked the box indicating that the appeal was "subject to expedited disposition under Rule 311(a)." This rule is procedural and applies to appeals in child custody or relocation cases, which require accelerated disposition. Ill. S. Ct. R. 311(a) (eff. July 1, 2018). This rule is not a source of jurisdiction, and it would not apply to any of the orders in this consolidated appeal, which have their own timeline for decision under Rule 307(a)(1). These appeals belong on the advisement docket rather than the accelerated docket, and were moved on the court's own motion.

¶ 15    While we have jurisdiction, there is not much for us to review here. As an initial matter, our review of the denial of an injunction is highly deferential. When examining such an order, again, we give it a "quick review" under the abuse-of-discretion standard, nothing more. *Capstone Financial Advisors*, 2015 IL App (2d) 150957, ¶ 7. Our review is further simplified because the appellant's briefs Terri has filed in all four cases fall far short of compliance with Illinois Supreme Court rules. None of her briefs has a complete or neutral statement of facts with citations to the

record or raises anything more than bare contentions without citations to any relevant legal authority. *Cf.* Ill. S. Ct. R. 341(h)(6), (h)(7) (eff. Oct. 1, 2020). In short, Terri has forfeited her legal arguments by failing to develop them.

¶ 16   When we consider the underlying judgments, all four appeals present the same issue. Terri filed meritless petitions for EOPs attempting to pull an end run around the family court's carefully considered parenting judgment and orders. Just as in *Morris III*, "[n]othing in Terri's petition[s] came close to articulating specific acts of abuse [or] harassment *** to warrant the issuance of an order of protection under the statutory authority—let alone an [emergency] *ex parte* order." *Morris III*, ¶ 6. As we have said before, "the purpose of such orders is to address *genuine emergencies*; they are not a means to resolve child custody and visitation issues in favor of one parent *outside the ordinary judicial process*. [Citation.]" (Emphasis added.) *Morris III*, ¶ 6. This is at least the *fifth* example of Terri attempting to use domestic violence restraining orders for an improper purpose. EOPs serve an important and vital function in society for legitimate victims of domestic violence. This is a highly serious and sensitive process that cannot and should not be misused. 750 ILCS 60/214; 725 ILCS 5/112A-1.5 (West 2024). Each of Terri's EOP petitions lacked any pretense to a legitimate claim for relief. Terri has grossly abused this process. Regardless of whether we find her arguments forfeited, we absolutely cannot say that the circuit court abused its discretion when it denied each petition.

¶ 17   We now turn to the issue of sanctions, which Arthur has requested in appeal No. 2-24-0691. We find the issue of sanctions to have become a larger matter since Arthur first requested them. Supreme Court Rule 375(b) (eff. Feb. 1, 1994) authorizes

"sanctions for frivolous appeals that are not taken in good faith. A reviewing court applies an objective standard to determine whether an appeal is frivolous; the appeal is considered

frivolous if it would not have been brought in good faith by a reasonable, prudent attorney. Sanctions may be awarded against *pro se* litigants under sufficiently egregious circumstances. The imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court." (Internal quotation marks and citations omitted.) *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87.

¶ 18 We determine that sanctions are unquestionably appropriate here. We are also aware that Terri has limited financial resources. Still, Terri has repeatedly wasted the time and limited resources of the circuit judges whose duty it is to hear and issue orders of protection in Lake County, their support staff, as well as the justices of this court, and our supporting personnel. Terri's frivolous litigation also burdens other litigants who have legitimate business before the courts, as their "cases are shoved farther back in the queue." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). None of this is tenable, and in this court at least, it shall *not* continue. Terri has exhausted the vast amounts of patience this court has exerted. Eight meritless appeals in three years—consisting of *thousands* of pages of petitions, requests for extensions, motions, briefs, and appended miscellany—is far more than enough.

¶ 19 While we cannot prevent Terri from filing a notice of appeal with the circuit clerk, who may understandably feel duty bound to transmit it, we need not blindly receive them. See, *e.g.*, *People v. Austin*, 2014 IL App (4th) 140408, ¶ 26; *Williams v. Commissary Department of the Department of Corrections*, 407 Ill. App. 3d 1135, 1138 (2011). As a sanction, Terri must obtain leave of this court before proceeding with any future appeals in this district. Upon the filing of any further notices of appeal by Terri, the clerk shall issue an order for Terri to show cause within 10 days why the appeal should not be dismissed pursuant to this order in *Morris V*. Said supplemental statement shall be no more than two pages, and shall clearly state (1) how this court has jurisdiction

and under what Supreme Court Rule; (2) that no other claims are pending in the circuit court in the same proceeding; and (3) how Terri has a likelihood of success on the merits on appeal. The failure to comply with this additional requirement, and obtain leave of this court to proceed, will result in the dismissal of Terri's appeal without further notice. In addition, Terri is on notice that any more frivolous appeals, especially from frivolous petitions for an order of protection, may result in outright dismissal, the imposition of monetary sanctions, and proceedings for contempt of this court.

¶ 20    Terri has been repeatedly admonished to reconsider her self-representation for both her and her children's best interests. It is our sincere hope that Terri adopts a different approach moving forward in her legal matters. Regardless, for the reasons stated, we affirm the judgments of the circuit court of Lake County.

¶ 21    Nos. 2-24-0691, Affirmed.

¶ 22    No. 2-25-0249, Affirmed.

¶ 23    No. 2-25-0331, Affirmed.

¶ 24    No. 2-25-0411, Affirmed.